IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| FINSERV CASUALTY CORP., § | | |
| RSL FUNDING, LLC, and § | | |
| THE FELDMAN LAW FIRM, LLP, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | Civil Action 4:10-cv-00264 | |
| § | | |
| SETTLEMENT FUNDING, LLC § | | |
| D/B/A PEACHTREE SETTLEMENT § | | |
| FUNDING and GREENBERG § | | |
| TRAURIG, LLP, § | | |
| § | | |
| Defendants. § | | |

## JOINT STATUS REPORT

Pursuant to the Court's Memorandum and Opinion Order dated July 13, 2010 (Doc. 27), Defendant Settlement Funding, LLC d/b/a Peachtree Settlement Funding ("Settlement Funding" or "Peachtree") and Plaintiffs Finserv Casualty Corp. ("FinServ"), RSL Funding, LLC ("RSL"), and The Feldman Law Firm, LLP (the "Law Firm") (collectively, "Plaintiffs"), hereby file their Joint Status Report for September 4, 2012, and state as follows:

**I.      Plaintiffs' Status Report**

Some changes have been made to the status report that was filed on July 2, 2012. However, Plaintiffs contend that no action has been taken in the state court or in federal court that is relevant to this Action involving the writ of execution of the judgment in Cause No. 2006-23366-A in the 113th Judicial District Court (the "*Maxwell* matter").

**The Court should lift the stay because any judgment entered for attorneys' fees against Rapid Settlements, Ltd. in the Maxwell state court matter is immaterial to Plaintiffs' claims pending in this Court.**

It is undisputed that the only issue pending in the Maxwell state court case, Cause No.

2006-23366-A, is the amount of fees, if any, that Peachtree could recover from Rapid Settlements, Ltd. ("Rapid") pursuant to a declaratory judgment relating to Rapid's arbitrations under the Texas Structured Settlement Protection Act ("SSPA"). Rapid is not a party in this Action. Plaintiffs' claims in this Action relate to Peachtree's wrongful execution and conversion of Plaintiffs' property. Thus, the amount of attorneys' fees that a jury might award Peachtree in the Maxwell state court matter for its declaratory judgment action against Rapid relating to the Texas SSPA is immaterial and unrelated to Plaintiffs' claims against Peachtree which are pending in this Court. This Court should not defer to the resolution of the pending Maxwell state court matter which is irrelevant to the issues in this Action.

**This Court should not maintain the stay pending adjudication of unrelated claims pending in another case in another court.**

It is telling that Peachtree does not want the stay lifted even after the Maxwell state court matter becomes final. Instead, Peachtree wants this Court to defer resolution of this two year old case until a recently removed case in another Court has been decided. That case, Civil Action No. 4:12-CV-02044, which was recently removed by Peachtree, involves multiple parties that are not even before this Court - Peachtree Settlement Funding, LLC, J.G. Wentworth S.S.C. Limited Partnership, JGWPT Holdings, LLC, JLL Partners, Inc., David Miller, and J.G. Wentworth Originations LLC - in connection with claims that are unrelated to the wrongful execution and seizure of Plaintiffs' property by Peachtree. Plaintiffs' dispute Peachtree's contention that the claims in Civil Action No. 4:12-CV-02044 have the same central fact questions as the case pending in this Court. This Court should lift the stay and proceed with this Action regardless of what transpires in another case in a different court.

**This Court should lift the stay and reject Peachtree's suggestion to consolidate this Action with the unrelated claims in another court.**

Peachtree suggests consolidating certain claims in this Action with the claims in the recently removed case, Civil Action No. 4:12-CV-02044, or consolidating all of Plaintiffs' claims in this Action with the claims in Civil Action No. 4:12-CV-02044.  As previously stated, the recently removed case involves different parties and different claims and is irrelevant to the claims pending in this Court.  Peachtree is attempting to complicate the simple issues pending in this Court.

**The Maxwell state court case is irrelevant to the issues pending in this Court.**

At the time this lawsuit was filed, no state court action was pending between Plaintiffs and Defendants.  The only action then pending in the Harris County District Court was Rapid Settlement Ltd.'s (a non-party herein and hereinafter referred to as "Rapid" or "Judgment Debtor") appeal of the 113th Judicial District Court's Final Judgment in the *Maxwell* matter in Cause No. 14-09-00637-CV, styled *Rapid Settlements, Ltd. v. Settlement Funding, LLC d/b/a Peachtree Settlement Funding* before the Fourteenth Court of Appeals of Texas ("The Judgment Debtor's Appeal").  FinServ, RSL, and the Law Firm were not parties to this appeal.

On September 9, 2010, the Fourteenth Court of Appeals issued its Memorandum Opinion reversing all monetary judgments in the *Maxwell* matter in state court.  The Fourteenth Court of Appeals reversed the portion of the trial court's judgment awarding Peachtree $171,863.91 in attorneys' fees and costs, such sum being the total monetary award to Peachtree given that no damages were recovered by Peachtree in the judgment, severed that part of the judgment, and remanded to the trial court for further proceedings. *See Rapid Settlements, Ltd. v. Settlement Funding, LLC d/b/a Peachtree Settlement Funding,* 2010 Tex. App. LEXIS 7412, *8-10 (Tex. App. – Houston [14th Dist.] Sept. 9, 2010).  Mandate was issued by the court on January 28, 2011. *As a result, as of this date, Peachtree had no monetary damages against Rapid*

*Settlements, Ltd.* And Peachtree's seizure of the property located at 5051 Westheimer Road, Suite 1875, Houston, TX 77056 was and is under all measures improper, regardless of who owned the property, because the reversal of the monetary judgment relates back to the date of execution. *See Ziemian v. TX Arlington Oaks Apartments, Ltd.,* 233 S.W.3d 548, 553 (Tex. App. – Dallas 2007, pet. dism'd). Unquestionably, Peachtree is liable for its wrongful execution, as well as the fair market value of the property.

The Fourteenth Court of Appeals remanded the *Maxwell* matter for the very purpose of allowing Peachtree a second chance to prove up attorney's fees against Rapid invoiced by Greenberg Traurig. Peachtree had failed to segregate its fees the first time around, leading to reversal of the fee award by the appellate court and remand for further proceedings.

Peachtree is now seeking to recover attorney's fees it once again claims are reasonable, necessary, and segregated. The testimony of Peachtree's counsel on fees and the billing records themselves make up the critical evidence on which Peachtree relies to prove up its legal fees. Despite asking the Court to award fees, Peachtree has shrouded the evidentiary basis for any attorney's fees in secrecy by invoking the attorney-client and work product privileges. In this limited remand, the narrow issue of attorney's fees affirmatively sought by Peachtree stands as outcome determinative. *See Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 163 (Tex. 1993) (orig. proceeding). Peachtree is using the attorney-client and work product privileges as a shield to deny Rapid the fundamental right to defend against the claim for legal fees. Rapid can never adequately investigate the veracity of Peachtree's assertion that it has complied with the legal standard in Texas for, among other things, segregating its fees. For this reason, Peachtree has waived any privileges or other protections under the "offensive use" doctrine. *See id.* at 161, 163; *In re Beirne, Maynard & Parsons, L.L.P.*, 260 S.W.3d 229, 231-32 & n.3 (Tex. App. –

Texarkana 2008, orig. proceeding) (per curiam) (client's offensive use of the identical privileges waived them when seeking an award of fees invoiced by law firm).

There are several factual issues relating to Peachtree's assertion of fees and the affidavit and billing records in support of its claim. Accordingly, on July 19, 2011, Rapid demanded a trial by jury with respect to Peachtree's claim of attorneys' fees in the *Maxwell* matter. A jury trial on attorneys' fees set for May 7, 2012 in the 113th Judicial District Court was continued because Rapid's co-counsel developed a severe bacterial infection in his foot which caused him to miss three weeks of work and to be hospitalized on two separate occasions. The parties have not been re-assigned to trial.

As this Court is aware, Plaintiffs contend that Defendants wrongfully executed against property that belongs to Plaintiffs and not to Rapid, the Judgment Debtor. Plaintiffs respectfully re-urge that no reason exists to continue the stay of the matter before this Court.

The state court activity in Cause No. 2006-23366 is irrelevant to this action that involves the wrongful seizure of property in the writ of execution of the judgment in the *Maxwell* matter, Cause No. 2006-23366-A, which was severed in June 2009. The *Maxwell* state court case was the only pending state court matter between Peachtree and Rapid Settlements, Ltd. in which Peachtree elected to seize property based on a judgment that has been appealed. Peachtree's vague description of the activities in Cause No. 2006-23366 fails to clarify that the *Maxwell* portion of the state court proceeding has been severed and is not part of the proceedings that were before the state court on the summary judgment proceedings on tortious interference, the discovery disputes, the Fourteenth Court of Appeals on the mandamus petition, or the mandamus petition in the Supreme Court. In fact, the procedural history previously set forth by Peachtree involves the other state court matters between Peachtree and Rapid Settlements, Ltd. listed in

Defendant's Status Report—the *King* case (Cause No. 2006-23366-B) and the *Franklin* case (Cause No. 2006-23366)—which are not involved with this Action and have not been the source of any execution.  Furthermore, FinServ and the Law Firm are not parties to the proceedings in the King and Franklin cases, and RSL was not a party until Peachtree included it in the Supplemental Petition in Cause No. 2006-23366 filed in August 2010, after this action had commenced and a year after the *Maxwell* matter had been severed.

**Peachtree removes unrelated state court case.**

On March 27, 2012, RSL filed its First Amended Counterclaim against Settlement Funding, LLC, Peachtree Settlement Funding, LLC, J.G. Wentworth S.S.C. Limited Partnership, JGWPT Holdings, LLC, JLL Partners, Inc., and David Miller in Cause No. 2006-23366 in the 113th Judicial District Court of Harris County, Texas, and on June 29, 2012, RSL filed its Third Amended Counterclaim and First Amended Third Party Petition against Settlement Funding, LLC, Peachtree Settlement Funding, LLC, J.G. Wentworth S.S.C. Limited Partnership, JGWPT Holdings, LLC, JLL Partners, Inc., David Miller, and J.G. Wentworth Originations LLC in Cause No. 2006-23366 in the 113th Judicial District Court of Harris County, Texas styled *RSL Funding, LLC v. Settlement Funding, LLC, Peachtree Settlement Funding, LLC,  J.G. Wentworth S.S.C. Limited Partnership, JGWPT Holdings, LLC, JLL Partners, Inc., J.G. Wentworth Originations LLC, and David Miller*. On July 6, 2012, Defendants J.G. Wentworth S.S.C. Limited Partnership, JGWPT Holdings, LLC, JLL Partners, Inc., and David Miller removed that case to federal court in Cause No. 4:12-CV-02044.  Despite Peachtree's contentions, the recently removed case does not affect the action pending in this Court.  Moreover, the removed case does not affect the *Maxwell* case, which remains in state court.

**Discovery disputes in an unrelated matter should be resolved in that action, not here.**

Peachtree failed to diligently pursue discovery in the state court case. In the *King* case, Peachtree took the depositions of RSL employee Tuan Tran on July 12, 2011, and RSL employee Andy Paredes on August 4, 2011. RSL offered Peachtree October 5, 2011 for the deposition of RSL's corporate representative, which the parties agreed to, but Peachtree failed to take the deposition. Instead, Peachtree filed a motion for continuance to delay the state court from deciding RSL's motion for summary so that Peachtree could continue searching for even a scintilla of evidence to support its claims. The state court judge did not grant Peachtree's motion for continuance in order for RSL to comply with discovery as asserted by Peachtree, but rather Peachtree's emergency motion for continuance was granted to give Peachtree still another opportunity to raise some evidence to defeat RSL's summary judgment on Peachtree's claims against RSL now almost two years after they were brought. The state court judge did not find that RSL and Rapid have been consistently avoiding their discovery obligations, nor did the court grant Peachtree's motion for continuance on that basis. The order Peachtree attached to a previous joint status report does not involve RSL or any other party in this case; the order involves Rapid, which is a company that has gone out of business. Nevertheless, Peachtree filed a motion to compel and for sanctions against Rapid seeking to preclude Rapid from conducting any discovery in the case. The state court judge denied Peachtree's attempt to avoid its discovery obligations.

Additionally, RSL was forced to get a court order compelling Settlement Funding, LLC to produce its corporate representative for deposition. RSL tried to take the deposition of Settlement Funding, LLC's corporate representative on March 7, 2012. However, the witness presented by Settlement Funding, LLC as its corporate representative, Brian Lawlor, has never been employed by Settlement Funding, LLC and he had no knowledge of the relevant facts in the

case. Mr. Lawlor is a former employee of J.G. Wentworth who in August 2011 started working for Peachtree Settlement Funding, LLC, a separate and distinct entity from Settlement Funding, LLC, the defendant in this action.

RSL and Rapid deny that they have avoided their discovery obligations, which is a mantra Peachtree has adopted and repeated ad nauseam. Rapid denies Peachtree's version of the underlying dispute, Peachtree's rendition of the discovery disputes in state court, and Peachtree's attempts to win the case through discovery motions.

**Peachtree attempts to interject unsubstantiated allegations into this case.**

Peachtree's ploy to claim that RSL is part of a fictitious, undefined, non-existent group dubbed "the Feldman Syndicate," is silly and nonsensical. Of course, there is no such syndicate and Peachtree and its lawyers know this. Nevertheless, Peachtree has falsely claimed that such a syndicate exists. It is telling that Peachtree has no evidence to support this contention or any of the other claims it has brought against RSL. RSL denies these allegations and objects to this attack by Peachtree and its attorneys which serves no purpose other than to distract from the issues in the underlying case. Moreover, these shenanigans are irrelevant to the issues that are pending in this case.

Peachtree has also falsely stated that Rapid and RSL have attempted to conceal discovery showing that they are part of some syndicate, that RSL is part of some syndicate, that unknown others referred to as "the rest" are part of some syndicate, that Rapid and RSL and "the rest" comprise the purported Feldman Syndicate, and that all of those entities are one and the same and are merely alter egos of Stewart A. Feldman. RSL denies these claims and objects to the false statements made by Peachtree. Not only are Peachtree's claims false, unsupported by any evidence, and legally and factually defective, but Peachtree disregards its own active role in the

Wentworth Empire. Peachtree's assertion is particularly ironic in that Peachtree and Wentworth are related entities in the Wentworth Empire, which is comprised of layer upon layer of shell entities that are one and the same and are merely alter egos and are operated as shams to perpetrate a fraud.

On or about July 11, 2011, Peachtree merged with J.G. Wentworth, another competitor in the structured settlement market, and Peachtree announced that it was laying off 90% of its employees at its corporate headquarters in Boynton Beach, Florida, with the remaining staff to be relocated to J.G. Wentworth's headquarters in Pennsylvania. Peachtree's characterization of the merger between Wentworth and Peachtree as merely an "up-stream merger," and Peachtree's assertion that it does not operate as J.G. Wentworth and it is not controlled by J.G. Wentworth, are belied by the facts. JGWPT is the entity that purports to own both Peachtree and J.G. Wentworth.  J.G. Wentworth represented that it is the entity responsible for taking enforcement action relating to Peachtree's employees and former employees, not that it was simply sending a letter on behalf of an affiliated entity. Plaintiffs have not misconstrued J.G. Wentworth's letter or its conduct, notwithstanding Peachtree's denials and mischaracterization of Wentworth's actions. Moreover, the corporate structure of the Wentworth Empire including Peachtree and its affiliates and others is not so dissimilar to RSL's and those used by others in the factoring business. Peachtree's relationship with J.G. Wentworth and the rest of the Wentworth Empire including, but not limited to, the related shell corporations and holding companies involved is relevant and highly probative of Peachtree's allegations against RSL and RSL's defenses to Peachtree's claims of piercing the corporate veil/alter ego.

There is no post-judgment discovery pending in the *Maxwell* case. The trial on Settlement Funding, LLC's claim for attorneys' fees against Rapid has not been rescheduled.

Plaintiffs deny Peachtree's baseless claims of alter ego and fraudulent transfer which Peachtree has asserted against RSL. Contrary to Peachtree's contention that any finding that Rapid and Plaintiffs are "one and the same" would render moot Plaintiffs' claims against Peachtree, RSL is not an alter ego of Rapid and Peachtree has no evidence to satisfy its burden of proof of such. Moreover, any such finding of alter ego would not render moot Plaintiffs' claims against Peachtree in this Court. Additionally, the outcome of Peachtree's tortious interference claims against Rapid is wholly irrelevant to the issues to be decided by this Court.

## II.     Settlement Funding's Status Report

The Court's stay in this action should remain in place for two reasons. First, the 113th District Court of Harris County has not yet determined the monetary amount of the Maxwell judgment in Cause No. 2006-23366-A. Second, claims remain pending before the Court in Civil Action No. 4:12-CV-02044 that have one of the same central fact questions as in the present action—namely, who owned the seized property and whether Settlement Funding had good cause to believe that the seized property belonged to Rapid. With that said, however, Settlement Funding recognizes that the Court potentially has several options in addressing the stay and the parties' claims and therefore sets forth some of these options below.[1]

### A.     The stay should remain in place until the state court determines the monetary amount of the Maxwell judgment.

The Court's stay in this action should remain in place at least until the state court determines the monetary amount of the Maxwell judgment. As RSL has contended all along, including in past status reports, the existence of the Maxwell judgment is highly relevant to the maintenance of the Court's stay in this action because that is the judgment upon which Plaintiffs

---

[1] Rather than controvert each of Plaintiffs' factual or legal assertions relating to alleged evidence, the rulings of the 113th District Court, or the opinions from the Courts of Appeals, Settlement Funding refers the Court to Settlement Funding's prior status-report segments and the rulings and orders entered by the Courts (as best evidence), and believes that facts and law will largely controvert Plaintiffs' allegations.

claim Settlement Funding wrongfully executed. After affirming the judgment in all respects except as to segregation of fees, the Fourteenth Court of Appeals remanded only that portion of the judgment concerning the amount of the fees. *See Rapid Settlements, Ltd. v. Settlement Funding, LLC*, No. 14-09-00637-CV, 2010 WL 3504182, at *5 (Tex. App.—Houston [14th Dist.] Sept. 9, 2010, no pet.). Settlement Funding has since segregated the fees, and the trial was continued by agreement due to health problems of counsel of Rapid Settlements, Ltd. ("Rapid"). Settlement Funding intends to try the case as soon as Rapid's counsel is able and has made several requests to reset the trial on Rapid's counsel, who has indicated that he is unavailable until at least October 2012. The state court has found numerous times that Settlement Funding is entitled to a judgment—the only question is the amount of the fees. The Maxwell judgment is valid and enforceable.

Plaintiffs, however—contrary to Texas law and this Court's November 9, 2010 Order Denying Plaintiffs' Motion to Lift Stay—contend that the Maxwell judgment somehow evaporated due to the limited remand regarding segregation of fees. ***The Court has already overruled this argument***. On a remand for a new trial on attorneys' fees, the judgment itself does not evaporate, as Plaintiffs claim. *See Tony Gullo Motors I, LP v. Chapa*, 212 S.W.3d 299, 314–316 (Tex. 2006). Plaintiffs cite (again) *Ziemian v. TX Arlington Oaks Apartments, Ltd.* to support their claim. 233 S.W.3d 548 (Tex. App.—Dallas 2007, pet. struck). But *Ziemian* concerns a default judgment that was ***set aside*** by bill of review. *Id.* at 552. The Maxwell judgment was not set aside and is therefore valid and enforceable. The stay should remain in place at least until the state court determines the monetary amount of the Maxwell judgment. Unfortunately, due to numerous motions for continuance and the unavailability of counsel for Plaintiffs for a prompt trial date, that trial has not yet been completed.

### B. The stay should remain in place until the Court adjudicates certain claims that have one of the same central fact questions as in the present action.

Even after the state court determines the monetary amount of the Maxwell judgment, the Court should maintain its stay of this action until it resolves certain claims that have one of the same central fact questions as in this action—namely, who owned the seized property and whether Settlement Funding had good cause to believe that the seized property belonged to Rapid. Settlement Funding, King, and Franklin all have claims against both Rapid and RSL for fraudulent transfer and piercing the corporate veil,[2] and were aggressively seeking discovery concerning these claims in state court until Cause No. 2006-23366 in the 113th District Court of Harris County was removed to federal court. If Settlement Funding proves that Rapid and Plaintiffs are one and the same, then Plaintiffs' claims against Settlement Funding in the case at bar are rendered moot.

As this Court is aware, after executing the Maxwell judgment against Rapid, Settlement Funding brought claims in Cause No. 2006-23366 for fraudulent transfer, piercing the corporate veil, and partnership liability against Rapid, RSL, Rapid Management Corp., and Stewart Feldman. Mr. Feldman owns and controls each of these entities, and RSL is merely an acronym for "Rapid Settlements, Ltd." Peachtree Settlement Funding, LLC eventually joined the lawsuit.

After the state court issued a number of discovery orders and sanctions in favor of Settlement Funding (against Rapid, RSL's predecessor), RSL brought unrelated claims against J.G. Wentworth S.S.C. Limited Partnership ("J.G. LP"); JGWPT Holdings, LLC ("JGWPT"); JLL Partners, Inc. ("JLL"); and David Miller to delay justice and confuse the issues.[3] Thus, on

---

[2] In response to Plaintiffs' contention regarding RSL being made a party to the state action after this proceeding had commenced, the fraudulent transfer of assets was neither discovered nor confirmed until after the filing of this suit.

[3] As to RSL's cursory allegation that Settlement Funding and non-party J.G. Wentworth merged, the merger took place up-stream between the companies owning Settlement Funding and a J.G. Wentworth originating company. After the up-stream merger, Settlement Funding still exists and still continues to do business. Settlement Funding

July 6, 2012, J.G. LP, JGWPT, JLL, and Mr. Miller removed Cause No. 2006-23366 to federal court, and the case was designated Civil Action No. 4:12-CV-02044 and assigned to this Court. However, rather than proceed, Rapid moved to transfer the case to Judge Rosenthal. That motion is still pending before the Court.

Civil Action No. 4:12-CV-02044 contains a long history of judicial precedent from the state court. Many of the claims and issues in that action began long ago, and it incorporates a history of rulings by the state court. For example, Settlement Funding has been seeking discovery and depositions from Rapid and RSL for two years, and just over the last year, the state court has repeatedly compelled discovery from Rapid and has even sanctioned Rapid four (4) times for its repeated discovery misconduct. Rapid continues to avoid its discovery obligations in bad faith, only providing discovery hesitantly after being compelled to do so and being sanctioned by the state court. And even then, Rapid still refuses to produce documents, such as legal invoices the state court ordered Rapid to produce long ago. In the interest of judicial efficiency and to avoid inconsistent rulings, the Court should resolve the claims in Civil Action No. 4:12-CV-02044 first.

Settlement Funding is also seeking discovery from RSL, which has only produced a handful of documents in the state action. RSL is withholding untold documents, thereby rendering any deposition of its corporate representative meaningless. For this reason, the state court has ordered RSL to start producing documents and continued RSL's motion for summary judgment until a time when RSL finally complies with its discovery obligations. Contrary to Plaintiffs' claim that the state court was somehow charitably giving Settlement Funding "another

---

does not do business as or operate as J.G. Wentworth, and J.G. Wentworth does not control or do business as Settlement Funding. Most importantly, Settlement Funding's relationship with J.G. Wentworth has absolutely no relation to Settlement Funding's claims for fraudulent transfer and alter ego, which have at least one of the same central fact questions as in this action.

opportunity" to obtain evidence in support of its claims, the state court had recognized that RSL cannot succeed on a no-evidence motion for summary judgment when Rapid and RSL have been consistently avoiding their discovery obligations. Rapid's and its counsel's continued misconduct should not be construed as anything other than a continued failure to comply with existing court orders, including two (2) recent additional orders compelling discovery. Rather than start over from scratch in the present action, in which there has been no discovery to date, the Court should uphold the orders and rulings of the state court in Civil Action No. 4:12-CV-02044 and hear the claims in that action first.

Moreover, pending in Civil Action No. 4:12-CV-02044 is Settlement Funding's Traditional Partial Motion for Summary Judgment on its claim of tortious inference against Rapid and RSL[4] and Settlement Funding's and annuitant Franklin's Motion for Summary Judgment. These motions have already been fully briefed in the state court, and should either of them result in a judgment against Rapid, Peachtree will again have to pursue collection against RSL, an entity that is merely an alter ego of Plaintiffs. Thus, the Court should maintain its stay in the case at bar.

## C. The Court potentially has several options in addressing the stay and the parties' claims.

While Settlement Funding believes that the stay should be maintained and reserves the right to amend its response in support of maintaining the stay, Settlement Funding also recognizes that the Court potentially has several options in addressing the stay and the parties' claims. Some of these options are as follows:

---

[4] Settlement Funding's tortious-interference claim against Rapid and RSL arises from their unorthodox and unlawful business practice of searching court records to identify pending applications and using that information to tortiously interfere with their competitors' customers.

1. As argued by Settlement Funding, maintain the stay in the present action until the state court determines the monetary amount of the Maxwell judgment and until the claims in Civil Action No. 4:12-CV-02044 are adjudicated.

2. Consolidate certain of Plaintiffs claims in the present action with the claims in Civil Action No. 4:12-CV-02044 that have the same central fact questions (an issue that may need to be briefed), and maintain the stay in the present action until the remaining claims in Civil Action No. 4:12-CV-02044 are adjudicated.

3. Consolidate Plaintiffs' claims in the present action with the claims in Civil Action No. 4:12-CV-02044 that have the same central fact questions, and hear both the present action and Civil Action No. 4:12-CV-02044 concurrently.

>Respectfully submitted,
>
>GREENBERG TRAURIG, LLP
>
>By: __/s/ L. Bradley Hancock_____
>L. Bradley Hancock
>Texas Bar No. 00798238
>S.D. Admission No. 21091
>1000 Louisiana, Suite 1800
>Houston, Texas 77002
>Telephone: (713) 374-3561
>Facsimile:  (713) 374-3505
>
>ATTORNEY IN CHARGE FOR
>DEFENDANT SETTLEMENT
>FUNDING, LLC D/B/A
>PEACHTREE SETTLEMENT
>FUNDING
>
>By: /s/ John R. Craddock_____
>John R. Craddock
>Texas Bar No. 04969800
>E. John Gorman
>Texas Bar No. 08217560
>THE FELDMAN LAW FIRM, LLP
>Two Post Oak Central
>1980 Post Oak Blvd., Ste. 1900
>Houston, Texas 77056
>Telephone: (713) 850-0700
>Facsimile:  (713) 850-8530
>
>ATTORNEYS FOR PLAINTIFFS
>FINSERV CASUALTY CORP.,

                                          RSL FUNDING, LLC, AND
                                        THE FELDMAN LAW FIRM LLP

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this day served a copy of the foregoing upon all parties via the Court's electronic-filing system on this 4th day of September, 2012.

                                      By:  /s/ John R. Craddock
                                                  John R. Craddock