Case 4:10-cv-00264   Document 276   Filed in TXSD on 03/30/16   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 30, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FINSERV CASUALTY CORP., on §
behalf of itself and as agent §
for A.M.Y. PROPERTY & CASUALTY §
INSURANCE CORPORATION; §
RSL FUNDING LLC; and §
THE FELDMAN LAW FIRM, LLP, §
 §
    Plaintiffs,  §  CIVIL ACTION NO. H-10-0264
 §
v. §
 §
SETTLEMENT FUNDING, LLC, §
 §
    Defendant.  §

## ORDER ADOPTING MAGISTRATE JUDGE'S
## MEMORANDUM AND RECOMMENDATION

Pending before the court are Settlement Funding, LLC's Objections to the Magistrate Judge's February 29, 2016, Memorandum and Recommendation (Docket Entry No. 270) and Defendants' Objections to Magistrate Judge's Memorandum and Recommendation (Dkt # 265) (Docket Entry No. 271). The latter was filed by the Feldman Parties'[1] and presents only one objection, which is directed to one nondispositive ruling on the admissibility of evidence.

A district judge must consider timely objections to a magistrate judge's order on a nondispositive matter. Fed. R. Civ.

---

[1]The "Feldman Parties" are Plaintiffs Rapid Settlements, Ltd., Rapid Management Corp., RSL Funding, LLC, Stewart A. Feldman, FinServ Casualty Corp., A.M.Y. Property & Casualty Insurance Corporation, and The Feldman Law Firm, LLP.

P. 72(a). The court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.; see also 28 U.S.C. § 636(b)(1)(A). Additionally, the district judge must review de novo any portions of the magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).

In the Memorandum and Recommendation (Docket Entry No. 265), the Magistrate Judge sustained Settlement Funding's objection to the Feldman Parties' exhibit entitled "Inter-Creditor Agreement" on the basis that the Feldman Parties failed to overcome Settlement Funding's assertion that the document was not produced until it was submitted in 2015 as an exhibit in support of the Feldman Parties' dispositive motions.[2] In connection with the filing of the Feldman Parties' objections to the Memorandum and Recommendation, they submitted deposition testimony dated March 5, 2010, reflecting a line of inquiry regarding the Inter-Creditor Agreement that specifically conceded that the document had been produced the previous day.[3] Thus, the court finds that the Feldman Parties have overcome Settlement Funding's assertion about the production of the Inter-Creditor Agreement.

---

[2] See Mem. & Recommendation Dated Feb. 29, 2016 pp. 19-20.

[3] See Docket Entry No. 271-2, Ex. B to Defs.' Objs. to Mag. J.'s Mem. & Recommendation (Dkt # 265), Dep. of Stewart Feldman Dated Mar. 5, 2010 pp. 71-72, 257.

Settlement Funding notes, in their response to the objection, that the Magistrate Judge ruled on only one of their three objections to the Inter-Creditor Agreement. Settlement Funding also objected to the document as hearsay and not the best evidence. In the Feldman Parties' motion, they cited to the document, along with the Fourth Amended and Restated Factoring Loan Agreement, as evidence that FinServ Casualty Corp. ("FinServ") and Rapid Management Corp. ("Rapid") entered into "interest-bearing loan agreements with security interests and promissory notes."[4] The Inter-Creditor Agreement stated in its recitals that the agreement was pursuant to the First Amendment to the Fourth Amended and Restated Factoring Loan Agreement and Promissory Note entered into by FinServ, Rapid, and a host of other entities.[5] The court finds that the Feldman Parties did not cite the document to prove precisely what the document stated, and, therefore, it is not hearsay. However, the court agrees that the Inter-Creditor Agreement is not the best evidence of the existence of loan agreements between FinServ and Rapid and cannot be relied on for that purpose.

---

[4] Docket Entry No. 152, Defs.' Traditional Mot. for Partial Summ. J. on Pls.' Cls. for Piercing the Corp. Veil/Alter Ego, Sham to Perpetrate a Fraud, & P'ship Liability p. 20. Although the title of the motion refers to "Defendants," it was filed by the Feldman Parties.

[5] See Docket Entry No. 154-3, Ex. Q to Defs.' Traditional Mot. for Partial Summ. J. on Pls.' Cls. for Piercing the Corp. Veil/Alter Ego, Sham to Perpetrate a Fraud, P'ship Liability, Inter-Creditor Agreement.

The Feldman Parties' objection to the Magistrate Judge's ruling on Settlement Funding, LLC's evidentiary objection to the Inter-Creditor Agreement is **SUSTAINED IN PART**. The Inter-Creditor Agreement is admissible but not for the purpose of proving the existence of loan agreements between FinServ and Rapid.

With regard to Settlement Funding's objections to the Magistrate Judge's dispositive recommendations, the court reviewed de novo the challenged portions of the Memorandum and Recommendation. The court is of the opinion that the remainder of said Memorandum and Recommendation should be **ADOPTED**.

With the above modification, it is **ORDERED** that the Memorandum and Recommendation is hereby **ADOPTED** by this court.

The court **ORDERS** that the complete Joint Pretrial Order be filed by April 29, 2016. Docket Call will be held on May 6, 2016, at 2:30 p.m., in Courtroom 9-B, 9th Floor, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

**SIGNED** at Houston, Texas, this the 30th day of March, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE